NICHOLAS THOMPSON v. STATE OF MISSISSIPPI.

[48 South. 289.]

CRIMINAL LAW AND PROCEDURE. *Physical and mental infirmities of defendant. New trial. Newly discovered evidence. Burglary. Intent to rape.*

> Where a defendant, unable to make defense or communicate with counsel assigned to defend him because of deafness and limited intelligence, was convicted of burglary with intent to rape, he should be granted a new trial upon the discovery by counsel after the trial of evidence tending to show his innocence.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Thompson, appellant, was indicted and tried for and convicted of burglary with intent to rape, sentenced to the penitentiary and appealed to the supreme court.

The facts are stated in the opinion of the court.

*George C. Paine,* for appellant.

It appears from the record in the case that the appellant was a deaf mute, and it was impossible to explain the charge to him. The attorney for the appellant objected for this cause to the trial proceeding. The objection was overruled and the appellant was placed on trial, absolutely helpless; being unable to hear or talk he was not given such a trial as the law contemplated. The fact that he was a deaf mute precluded him from exercising the right, under section 26 of the constitution, to demand the nature and cause of the accusation against him.

The fact that his counsel, Mr. Nabors, was present did not obviate the necessity of appellant hearing the nature and cause of the accusation against him. He could not read nor write nor talk, and no one can interpret for him. He could not be apprised of the charge against him, and could consequently offer no defense; being thus, circumstances and conditions, his trial was a mockery, and his constitutional right denied him.

The testimony is inconclusive of guilt.

Owing to his infirmities appellant should be granted a new trial, so that he may have the opportunity of demonstrating the truthfulness of the affidavit on which the motion for a new trial is based, and because of the newly discovered evidence.

*George Butler,* assistant attorney-general, for appellee.

The rule was in the early history of the law, that one born deaf and dumb was presumed to be an idiot. But we can see no reason why this presumption should ever have been indulged as to one not so afflicted from infancy and in fact it does not seem to have been so indulged. But according to the modern doctrine no such presumption exists even to those born deaf and dumb. 8 Am. & Eng. Ency. Law, 842; 1 Wigmore, 498.

The fact that a person is deaf and dumb does not of itself relieve him from responsibility for crime, if he have sufficient understanding to distinguish between right and wrong. 8 Am. & Eng. Ency. Law, 845; 1 Bishop, Crim. Law. 244.

We may grant for the purposes of this case that ordinarily one deaf and dumb is presumed irresponsible for crime, and still not affect this case. If upon arraignment the prisoner stood mute it was the duty of the court to enter a plea of not guilty for him, just as was done in this case and it is not necessary for a jury to ascertain if the prisoner stands mute of malice. True it is, if before or during the progress of the trial either from observation or on suggestion of counsel, facts are brought to the attention of the court raising a reasonable doubt as to the ability of defendant to make a just defense if he has one, by

reason of the act of God, the question should be settled in a preliminary investigation. 10 Ency. Pl. & Pr. 1219. But where there is no such doubt in the mind of the court; it is under no obligation to have the matter so inquired into. It is a matter largely of discretion, and unless it affirmatively appears that discretion was abused it will not be reviewed. 10 Ency. Pl. & Pr. 1220 and cases cited in note.

FLETCHER, J., delivered the opinion of the court.

This appellant, twenty years old, was deaf, able to talk but poorly, and of limited intelligence. He stood mute when arraigned, and was not able to communicate intelligently with his counsel. He attempted no defense on the trial, and was naturally convicted. His counsel, in support of his motion for a new trial, made affidavit as to his client's condition, and asserted that since the trial he had discovered a number of witnesses who would disprove all the material parts of the state's testimony and establish defendant's entire innocence of the crime charged and proven. He satisfactorily accounts for his failure to produce this testimony on the trial, since his client was unable to communicate with him. In view of the unfortunate infirmities affecting this defendant, his total failure to make any defense, and the number of the witnesses and the character of the testimony which, according to the showing could be produced at another trial, we think the ends of justice demand that a new trial be granted, in order that opportunity be given defendant to establish his innocence, if he can.

*Reversed and remanded.*